# J. S. Waterman & Co., Inc., Plaintiff and Appellee, *v.* Méndez Hnos. & Co., etc., Defendant and Appellant.

No. 5219.   Argued January 22, 1932.—Decided January 11, 1933.

*González Fagundo & González Jr.* for appellant. *Besosa & Besosa* for appellee.

Mr. JUSTICE HUTCHISON delivered the opinion of the Court.

The district court overruled a demurrer to the complaint for want of facts sufficient to constitute a cause of action. Later, after a trial on the merits, plaintiff obtained a judgment against defendant. That judgment was reversed in *Waterman & Co., Inc.* v. *Méndez Hnos. & Co.,* 42 P.R.R. 293. Thereafter, on motion for rehearing, the judgment of this Court was set aside and the case was reargued.

Plaintiff alleged as one of the terms of the contract that if after inspection of the rice on delivery thereof the purchaser should find any cause to complain it would immediately notify the seller's agent and in the event of failure to come to an agreement the question would be submitted to arbitration, in which event the purchaser within five days after delivery would present to the secretary of the local board of commerce a request in writing for such arbitration. Plaintiff also alleged that defendant had notified plaintiff as to a certain difference in the rice shipped and plaintiff, in accordance with the contract, informed defendant of its willingness to submit the controversy to arbitration before the San Juan Board of Commerce. The complaint then sets forth the facts concerning the arbitration which followed and its result. It is a fair inference from these averments that the rice arrived at its destination; that the purchaser had an opportunity to examine the same; and that the purchaser did examine it before refusing to honor drafts for the purchase price and submitting the matter to arbitration. This also appears from admissions and averments contained in the answer. Defendant itself by evidence introduced at the trial

established beyond all cavil the facts specified in our previous opinion as having been omitted from the complaint. Defendant had not raised any question either in the district court or in this Court as to the want of those facts.

Defendant's demurrer was based on section 127 of the Code of Civil Procedure which provides that—

"In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part, and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing such performance."

This section does not prescribe a stereotyped formula. It neither requires the specific averment that plaintiff has performed all of the conditions, nor forbids the setting forth of facts showing such performance. Appellant insists that plaintiff should have alleged that the rice was shipped in accordance with the terms of the contract and that the rice so shipped was of the same quality as that specified in the contract. The contract, set forth in full in the complaint, specified 500 pockets of rice, type No. 252, to be shipped, 250 pockets January 27, and 250 pockets by the first boat in February. Plaintiff alleged that the *said* rice had been shipped *in accordance with the said contract of sale* as follows: 250 pockets, January 27, 1927, by the steamer "Ozama"; and 256 pockets, February 4, 1927, by the steamer "Isabela." The district judge did not err in overruling the demurrer.

We are inclined to agree with appellant that the district judge erred in admitting a letter written by a witness some two years before the day of the trial. This letter had been used to refresh the memory of the witness, a chemist. In it he had reported the result of an examination which he had made of several samples of rice. Before the letter was offered and admitted in evidence, however, the witness testified concerning his examination of the rice and the result thereof.

The letter added little or nothing to what he had already stated on the stand. The error of the district judge in permitting plaintiff to introduce this letter is not enough to justify a reversal.

Appellant's contention that the district court erred in permitting the witness, Marxuach, to testify concerning the customary Rice Millers' Association contract, as stated and developed in the brief, does not require serious consideration. The same may be said of the fourth, fifth, sixth, and seventh assignments.

Appellant's final contention is that the judgment is contrary to the evidence and to the law applicable to the case. Here appellant complains of a failure to follow the procedure indicated by articles 327 and 332 of the Code of Commerce and articles 2080 and 2085 of the Spanish Code of Civil Procedure. The contract between the parties to the present action provided for arbitration by the Board of Commerce. The case was first submitted to the Board of Commerce and decided in favor of plaintiff. Defendant succeeded in avoiding the result of that decision upon the ground that the agreement to submit the case to arbitration had not been embodied in a public instrument. Some two years before the date of the trial and of the judgment, the rice had been sold and the proceeds delivered to plaintiff. This had been done in accordance with an agreement and stipulation between the parties, after approval thereof by the court. Thus defendant waived any right which it might have had to insist upon strict compliance with the provisions of the Code of Commerce and of the Spanish Code of Civil Procedure as a ground for reversal. In any event, the question should have been raised in the court below and comes too late when presented for the first time on appeal. There was no manifest error in the weighing of the evidence.

It has occurred to us that perhaps the district judge should have rendered judgment for the difference between

the purchase price and the amount received by plaintiff as the proceeds of the sale referred to in the judgment. No such question is raised by appellant and for this reason we have not investigated that aspect of the case.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.